# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KEY PROPERTIES GROUP, LLC, a Delaware limited liability company, | § § § | No. 60, 2016 |
| Defendant Below, Appellant, | § § § § | Court Below—Superior Court of the State of Delaware |
| v. | § § § | |
| STATE OF DELAWARE, upon the Relationship of the Secretary of the DEPARTMENT OF TRANSPORTATION, | § § § § § § | |
| Plaintiff Below, Appellee. | § § § | |

Submitted: March 8, 2016
Decided: March 11, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **VALIHURA**, Justices.

## ORDER

This 11th day of March 2016, it appears to the Court that:

(1)     Defendant-below/appellant, Key Properties Group, LLC ("KPG"), has petitioned this Court, under Supreme Court Rule 42, to accept an appeal from the Superior Court's January 27, 2016 interlocutory order in a condemnation action. In the January 27 order, the Superior Court ruled that KPG would be limited to presenting only one of two appraisal experts' opinions at trial. The Superior Court rejected KPG's arguments that such a limitation was in violation of the United States and Delaware Constitutions and title 10, chapter 61 of the Delaware Code.

(2)    By order dated February 26, 2016, the Superior Court denied KPG's application for certification of an interlocutory appeal. After applying the standards for certification in Rule 42(b), the Superior Court concluded that the January 27 order did not decide a substantial issue, legal right or an issue of first impression, and that interlocutory review of the order was not in the interests of justice.

(3)    The Court agrees with the Superior Court's Rule 42(b) analysis. The principles and criteria under Supreme Court Rule 42(b) do not weigh in favor of interlocutory review of the January 27 order.

(4)    Applications for interlocutory review are addressed to the sound discretion of this Court. In this case, the Court concludes that interlocutory review should be refused.

NOW, THEREFORE, IT IS HEREBY ORDERED that the interlocutory appeal is REFUSED.

BY THE COURT:

Randy J. Holland
Justice

2